USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FLORIDA STATE UNIVERSITY, AND THE
FLORIDA STATE UNIVERSITY BOARD OF
TRUSTEES,

                    Plaintiffs,

           - against -

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATES ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

                    Defendants.

---

**21 Civ. 10631 (VM)**

<u>**DECISION AND ORDER**</u>

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Florida State University and the Florida State University Board of Trustees (together "FSU") move for entry of a default judgment against 133 defendants[1]

---

[1] 2ccm, 2ccm06, adeooa, alisnghane, Allan Stewart54, Amvuwejka, BettyGoldman, bubu1030, Carson Jewelry, chakheite, chengen0799, chengmin2223, chengningbo1457, Connor Greczyn34, cx3143, dengmeilin1234, Dengxiaojie2822, dfhfg4564, dhffilak, digitalpristi, djk87, dqzf97jing, duaoxion, Ekdnsjdjslslkdrnjkpbgdgjk27, Eodkskdkskfndskjtsojfi65, fdiufuytffdxz, Food Mart, gaoxucai0130, Hdjdjdjdjsjdjdjdjxjxjdxjxncdj, hegenqing, hexiaohong90461, HQY-Souvenir, huaming fashion, huanwuse2, hufangling1234, huoyimian4112, hushanggan fashion, ioklu, jettmcgilltranjwzk, jianglina Store, jiangwei Store me, juanzide, KailyardGreen, kaiming, Kellie jewelry, lausy, leizhou5875, liguangfa13162, lijinduo55855, lingrun12325634893, linxianglian, lishanshan133, liumengting44329, liumin4580, liuqing129520, liuqinhui1998, liuzijia fashion, liweiheng, lixiaoqiao123, lixiulin, Liyang123456, ljl211700437, lulangxia50286, mafanglin92367, mahui5213, MargaretStore, Mike Tharp, MING586, mkdjja, murrayfiona977, nanxie, ncdsjgfsdhuf, nhsagrf, Nicheshow, niting39836, pangjingyu39313, Patricia Gibson, petriduhtahee, poaiz, rengouwei384438, rlaxotlr1, sdjh, shangpengfei, shidongfeng48573, sjahgz, Skewkrmdnskrnsofnodfo24, Skfjeifjskkdkfkdvdpcmdn53, Skgnskgmskfndjfnskfjcnnj22, Skrnwofnsofnsofnofndkfnd51, So Inviting invitations, Sofneifnrkdjfskfnsofnekfndn46, Sofnekfneofmdofmdknjk1, surprise xian, TAOKANKAN928, tedgw, TEST CONTOM, Thxfxfcffhdgffvfgcgg, tracey gordon, tudaolinjia, TUTUTU, wangcheng Store, wanghui44288, wangshuo47445, wangwenlong46455, wangxinyuan1998, wangxuefeng666, wangzhuo8564,

(collectively, the "Defaulting Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b).[2] (See Dkt. Nos. 50-53.) As remedies for the Defaulting Defendants' alleged conduct, FSU also makes an application to the Court for entry of a permanent injunction, heightened statutory damages pursuant to 15 U.S.C. Section 1117(c), and permission to serve asset restraining notices on certain entities. Although FSU does not cite authority for the asset restraining notices, the Court construes the request as being made pursuant to N.Y. C.P.L.R. Section 5222 ("Section 5222").

FSU filed its complaint in this matter on December 13, 2021, alleging trademark infringement and counterfeiting pursuant to 15 U.S.C. Section 1114 ("Count One"), false designation of origin pursuant to 15 U.S.C. Section 1125(a) ("Count 2"), and unfair competition pursuant to New York Common law. (See Compl." or "Complaint," Dkt. No. 1.) One day later, on December 14, 2021, the Court entered a temporary

---

weilingzhao118, wersnf, wnoy83, XenomorphicStore, xiongzilong42948, xiushuizhilishang, xjdfgydukf, yanbujiu7498, YangBaoB, yanhui6168, yawping, yuqiang668, zhangbin1426, zhanghuong, zhangyuxin5032, ZhangZeLon, zhoupengxuexiaocun, zhulimin111888, Zizaifreeyi Shoes, bytom_love, canjun2013, cornholewrapsfan, kronchet-0, supocharo-0, world.collectibles, xiuyuan2016, College Football Jerseys. (See also Dkt. No. 51-1.)

[2] FSU voluntarily dismissed several defendants from the case; those defendants are not included among the Defaulting Defendants. (See, e.g., Dkt. Nos. 25, 28, 34, 36, 38, and 48.)

restraining order against the Defaulting Defendants. (See Dkt. No. 21.) Despite proper service of process, Defaulting Defendants never answered the Complaint or otherwise appeared. (See "Hutchinson Decl." Dkt. No. 51 ¶ 15; "Clerk's Certificate of Default," Dkt. No. 45.)

Accordingly, the Court now authorizes entry of default judgment for Count One and Count Two against the Defaulting Defendants for trademark counterfeiting and trademark infringement. Further, as discussed below, upon consideration of FSU's written evidence as to its requested remedies, the Court enters a permanent injunction against the Defaulting Defendants, awards FSU a judgment in the amount of $50,000 against each Defaulting Defendant, and denies in part, without prejudice, FSU's request for permission to serve asset restraining notices against certain third-party service providers and financial institutions.

## I.   REMEDIES

### A.   PERMANENT INJUNCTION

To prevent further trademark violations, the Lanham Act provides the Court authority to grant injunctive relief. See 15 U.S.C. § 1116. An injunction should issue where a plaintiff has succeeded on the merits and has demonstrated that (1) it suffered irreparable harm; (2) that remedies available at law are inadequate to compensate for that injury; (3) the balance

of hardships between the parties warrants such a remedy; and
(4) the public interest would not be disserved by the issuance
of an injunction. <u>See</u> <u>U.S. Polo Ass'n, Inc. v. PRL USA</u>
<u>Holdings, Inc.</u>, 800 F. Supp. 2d 515, 539 (S.D.N.Y. 2011),
<u>aff'd</u>, 511 F. App'x 81 (2d Cir. 2013).

FSU has demonstrated that all of these factors favor
issuance of the requested permanent injunction. As to the
first factor, FSU alleges a loss of goodwill and confusion
(<u>see</u> Compl. ¶¶ 31-32), which establishes irreparable harm.[3]
<u>See</u> <u>U.S. Polo Ass'n</u>, 800 F. Supp. 2d at 539. Second, the
Defaulting Defendants' past conduct and continued
infringement creates a high likelihood that they will
continue to infringe FSU's marks. <u>See</u> <u>Mattel, Inc. v.</u>
<u>162275894</u>, No. 18 Civ. 8821, 2020 WL 2832812, at *5 (S.D.N.Y.
May 31, 2020) (finding probability of continued infringement
based on past conduct establishes second factor). The third
factor is also met because "it is axiomatic that an
infringer . . . cannot complain about the loss of ability to
offer its infringing product." <u>WPIX, Inc. v. ivi, Inc.</u>, 691
F.3d 275, 287 (2d Cir. 2012). Finally, granting injunctive
relief would not disserve the public interest because the

---

[3] The Trademark Modernization Act of 2020 recently codified a rebuttable
presumption of irreparable harm. <u>See</u> Consolidated Appropriations Act,
2021, Pub. L. No. 116-260. Regardless of this presumption, FSU
demonstrates irreparable harm through the loss of goodwill.

public has an interest in being assured of goods' origin and quality, as well as an avoidance of confusion and deception. See Mattel, 2020 WL 2832812, at *5. Accordingly, having met all four factors, FSU is entitled to a permanent injunction against the Defaulting Defendants.

B.   STATUTORY DAMAGES

When the Court enters a default judgment, it must "accept[] as true all of the factual allegations of the complaint," Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), but "the amount of damages are not deemed true." Credit Lyonnais Sec. (USA) v. Alcantara, 183 F.3d 151, 152 (2d Cir. 1999). The Court must "conduct an inquiry in order to ascertain the amount of damage with reasonable certainty." Id. The amount of damages to award in connection with a default judgment may be decided by the court without a hearing. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." (internal quotation omitted)).

FSU seeks statutory damages under 15 U.S.C. Section 1117(c), instead of actual damages. The Lanham Act allows plaintiffs to recover between $1,000 and $200,000 for a

defendant's use of a counterfeit mark, or if the violation was willful, up to $2,000,000 per mark. See 15 U.S.C. § 1117(c). Within these bounds, courts have broad discretion to issue an appropriate award. Louis Vuitton Malletier v. Artex Creative Int'l Corp., 687 F. Supp. 2d 347, 355 (S.D.N.Y. 2010). Since the Lanham Act "does not explicitly provide guidelines for courts to use in determining an appropriate award . . . courts have looked to an analogous provision of the Copyright Act, 17 U.S.C. Section 504(c), which provides statutory damages for willful infringement." Louis Vuitton Malletier, S.A. v. LY USA, No. 06 Civ. 13463, 2008 WL 5637161, at *1 (S.D.N.Y. Oct. 3, 2008) (quotation marks omitted). Applying this framework, courts determining damages pursuant to Section 1117(c) typically consider the following seven factors:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

All-Star Mktg. Grp., LLC v. Media Brands Co., Ltd., 775 F. Supp. 2d 613, 622-23 (S.D.N.Y. 2011) (quotation marks omitted).

FSU seeks heightened statutory damages in the amount of $150,000 against each Defaulting Defendants for trademark counterfeiting and trademark infringement. (See "MOL," Dkt. No. 53 at 10-11.) By virtue of the default, the Defaulting Defendants' infringement is deemed willful, and therefore the Court has discretion to award up to $2,000,000 per type of good sold. See 15 U.S.C. § 1117(c)(2).

After considering the relevant factors, the Court finds that FSU's requested award of $150,000 in damages per Defaulting Defendant is too high. Instead, it awards $50,000 in damages per Defaulting Defendants based on the reasons discussed below.

Because of the default, FSU does not have evidence to quantify the Defaulting Defendants' expenses or sales of the counterfeit products, and so cannot determine Defaulting Defendants' profits. Additionally, the Defaulting Defendants have a history of concealing their identities. (See MOL at 9.) Without the benefit of discovery, FSU recognizes that there exists a "lack of information regarding Defaulting Defendants' sales and profits" rendering it effectively impossible to measure actual damages. (Id. at 8.) Factors one, two, and six weigh in favor of FSU — a plaintiff should not be deprived of its right to recover damages based on defendants making it impossible to discern their expenses

saved and profits reaped. See <u>Off-White LLC v. ^ ^Warm House^ ^ Store</u>, No. 17 Civ. 8872, 2019 WL 418501, at *5 (S.D.N.Y. Jan. 17, 2019).

FSU has submitted evidence that the FSU marks are considered a famous mark and that FSU expends substantial resources developing consumer recognition, awareness, and goodwill. (Compl. ¶¶ 16, 18-21.) However, since the record does not indicate a specific monetary value of the FSU brand, the third factor does not weigh one way or the other. <u>See All-Star Mktg.</u>, 775 F. Supp. 2d at 622.

The remaining factors also weigh in favor of awarding FSU $50,000 in damages per Defaulting Defendant. By virtue of default, the Defaulting Defendants' actions are deemed willful, and statutory damages will deter other possible infringers. <u>See Off-White LLC v. 6014350</u>, No. 18 Civ. 5322, 2020 WL 6478544, at *5 (S.D.N.Y. Nov. 4, 2020) (finding factors four and five weighed in favor of plaintiff because of the need to deter other counterfeiters and by defaulting, defendants were deemed to be willful infringers). Specific deterrence, factor seven, does not necessarily favor a heightened award, since the Court has entered a permanent injunction restraining the Defaulting Defendants.

Where defendants operate through websites that ship and sell worldwide, courts infer "a broad scope of operations"

and have awarded $50,000 in statutory damages per defendant.
Spin Master Ltd. v. Alan Yuan's Store, 325 F. Supp. 3d 413,
426 (S.D.N.Y. 2018) (awarding $50,000 per defaulting
defendant who sold infringing toys on online marketplace
platforms). This Court recently awarded $50,000 per
defaulting defendant in a substantially similar circumstance
in Moonbug Ent. Ltd. V. A20688, No. 21 Civ. 4313 (VM), 2022
WL 1239586, at *3 (S.D.N.Y. Apr. 26, 2022). An award of
$50,000 per Defaulting Defendant also aligns with what other
courts in this district have granted when faced with similar
conditions. See Tangle, Inc. v. Individuals Listed in
Schedule A, No. 21 Civ. 9352, 2022 WL 3098306, at *2 (S.D.N.Y.
Aug. 4, 2022) (adopting in part report and recommendation and
awarding $50,000 in damages against each defaulting
defendant); Kelly Toys Holdings, LLC v. alialialiLL Store, -
-- F. Supp. 3d ----, 2022 WL 2072567, at *2 (S.D.N.Y. June 9,
2022) (same); Mattel, Inc. v. Arming, No. 18 Civ. 8824, 2021
WL 3683871, at *9 (same). Here, the Defaulting Defendants
operate through at least Wish, eBay, and Andretelli.com.
Although Courts have awarded "up to $1 million when 'there
was reasons to believe that the defendant's sales were
substantial," FSU makes only general allegations as to the
size of the online marketplaces in which the defendants
operate and says nothing of the specific size of the

Defaulting Defendants' sales. (See Compl. ¶ 26.) The Court finds this insufficient to justify departing from an award "in amounts from $25,000 to $50,000 for what are generally 'small scale counterfeiting operations.'" WowWee Grp. Ltd. v. Meirly, No. 18 Civ. 706, 2019 WL 1375470, at *10 (S.D.N.Y. Mar. 27, 2019) (citation omitted). Accordingly, because the applicable factors tip in FSU's favor, and precedent in this district supports FSU's monetary request, the Court grants FSU a statutory damages award of $50,000 per Defaulting Defendant.

    C.   SECTION 5222

    FSU requests the Court's permission to serve asset restraining notices, which the Court construes as being made pursuant to N.Y. C.P.L.R. Section 5222, on certain "Third-Party Platforms"[4] as well as on any so-called "Financial Service Providers."[5] ("Proposed Judgment," Dkt. No. 52 ¶¶ 5-24, 26-28.) The Court grants in part and denies in part FSU's request.

---

[4] FSU identifies these Third-Party Platforms as "including by not limited to . . . PayPal, eBay, Wish, Payoneer, Ping Pong, Coinbase, LianLian, GoAllPay, Union Mobile, Bank of China, Hyperwallet, Lakala, OFX, Paxful, PayEco, SellersFunding, Shopify, Stripe, Wise/TransferWise, and/or World First." ("Proposed Judgment," Dkt. No. 52 ¶ 4.)

[5] FSU defines "Financial Service Providers" as including "any banks, savings and loan associations, or other financial institutions." (Proposed Judgement ¶ 28.)

FSU's proposed asset restraining notices would apply to certain known entities but also to unascertainable third-party service providers and financial institutions, such as the Financial Service Providers, who hold or may come to hold the Defaulting Defendants' assets. The Court denies the relief FSU seeks because, as requested, FSU's proposed notices are not narrowly tailored to specific parties holding Defaulting Defendants' assets necessarily related to the counterfeiting at issue. See Allstar Mktg., 2019 WL 3936879, at *3 (declining to enjoin Wish.com and financial institutions holding defaulting defendants' assets because the assets may be "wholly unrelated to the counterfeiting at issue" and therefore, the third parties were not necessarily "in active concert or participation" with defendants). This proposition holds true as to both the known Third-Party Platforms, and unknown Financial Service Providers. As FSU has not demonstrated that these third parties are "substantially intertwined" with the Defaulting Defendants, see John Wiley & Sons, Inc. v. Book Dog Books, LLC, 327 F. Supp. 3d 606, 638 (S.D.N.Y. 2018), the Court will not permit restraining notices to be issued to parties with unascertainable identities and relationships to the

Defaulting Defendants, especially since the Court may not possess personal jurisdiction over such parties.[6]

For these reasons, the Court denies FSU's request for general authorization to issue asset restraint notices to Third-Party Platforms and Financial Service Providers. FSU is permitted to modify its request in accordance with the requirements of Sections 5222 and N.Y. C.P.L.R. 5225 to identify the parties and assets to which the notice would apply.

## II.  ORDER

For the reasons described above, it is hereby

**ORDERED** that the motion of plaintiffs Florida State University and the Florida State University Board of Trustees (together "FSU") for default judgment against the 133 defendants identified in the First Amended Schedule A (the "Defaulting Defendants," Dkt. No. 51-1) (Dkt. No. 50) is **GRANTED**, and it is further

**ORDERED** that the motion of FSU for a permanent injunction against the Defaulting Defendants restraining them from

---

[6] The Second Circuit has made clear that "a party seeking a money judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 69 (2d Cir. 2018); see also Allstar Mktg. Grp. v. 158, No. 18 Civ. 4101, 2019 WL 3936879, at *4 (S.D.N.Y. Aug. 20, 2019) (same).

engaging in the acts of wrongful infringement FSU alleges in this action (Dkt. No. 50) is **GRANTED**, and it is further

ORDERED that FSU shall be awarded statutory damages of $50,000 per each Defaulting Defendant, and it is further

ORDERED that FSU may modify its requested relief pursuant to N.Y. C.P.L.R. Sections 5222 and 5225 to comply with the requirements as stated herein, and it is further

ORDERED that the five thousand-dollar ($5,000) bond posted by Plaintiffs, including any interest minus the registry fee, will be released to Plaintiffs or their counsel upon notice to the Court that all non-defaulting defendants have been dismissed from the case. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiffs or its counsel once such notice is provided.


**SO ORDERED.**

Dated:   14 October 2022
         New York, New York

_____
          Victor Marrero
          U.S.D.J.

13